IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 00-37405 |
| | ) | (Jointly Administered) |
| OUTBOARD MARINE CORPORATION, | ) | Chapter 11 |
| et al., | ) | Hon. Erwin I. Katz |
| | ) | |
| Debtors. | ) | |

### STIPULATED ORDER MODIFYING THE AUTOMATIC STAY WITH RESPECT TO NICHOLAS VITALE LITIGATION

WHEREAS on February 16, 1999, Nicholas Vitale ("Vitale") commenced that certain action captioned Vitale v. Centerpoint Properties Corp., et al. against Centerpoint Properties Corporation, d/b/a Centerpoint Realty Management Corporation ("Centerpoint") and Outboard Marine Corporation ("OMC") in the Circuit Court of Cook County, Illinois, Case Number 99 L 1752 (the "State Court Action");

WHEREAS on April 23, 1999, Jones, Day, Reavis & Pogue ("Jones, Day") filed an answer and appearance on behalf of OMC in the State Court Action;

WHEREAS on May 28, 1999, Jones, Day filed a Motion to Withdraw as counsel to OMC in the State Court Action because Centerpoint's insurance carrier, St. Paul Insurance, agreed to defend and indemnify OMC;

WHEREAS the Motion to Withdraw was granted by an Order dated June 15, 1999, entered in the State Court Action;

874

WHEREAS on March 13, 2001, Vitale filed a Motion to Lift the Automatic Stay of Proceedings (the "Lift Stay Motion") with this Court to permit Vitale to proceed against Centerpoint and OMC in the State Court Action;

WHEREAS OMC and its bankruptcy estates are willing to allow entry of this Stipulated Order granting the Lift Stay Motion on the terms and recitals contained herein and provided that any judgment entered against OMC shall not constitute a claim against OMC, OMC's' property, or OMC's' estate;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between OMC and Vitale, subject to Bankruptcy Court approval as follows:

1. The Lift Stay Motion is granted and the automatic stay is hereby modified to the limited extent necessary to enable (a) the State court Action to proceed to final judgment or settlement and (b) Vitale to attempt to recover any liquidated final judgment or settlement on the claim from Centerpoint or its insurer, *provided, however*, that OMC shall not be required to actively participate, or incur any expense, in the State Court Action beyond that participation necessary in the general discovery process. Without limiting the generality of the foregoing, the agreement by OMC to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by OMC to provide

assistance or to cooperate with Vitale in any way in his efforts to prosecute his claims or secure payment on his claims from Centerpoint or any other source.

2. To the extent that a deductible or similar type of expense is required to be paid in connection with Vitale's attempt to recover any liquidated final judgment or settlement on his claims from any available insurance coverage of Centerpoint, OMC shall not be liable for such amounts, which shall be the sole and exclusive responsibility of Vitale.

3. In connection with this modification of the automatic stay, Vitale, on behalf of himself, his heirs, representatives and assigns, does hereby waive and/or release OMC and its estates, and its heirs, successors, assigns, affiliates, officers, directors and employees, from any and all claims, actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses or demands whatsoever, known or unknown, of any nature, except for Vitale's claims to the extent of any indemnity or insurance coverage provided by Centerpoint.

4. It is expressly understood by Vitale that Vitale may seek satisfaction of his claims only as set forth herein and that in no event shall OMC or its estate be liable in any other way whatsoever with respect to Vitale's claims.

5. Nothing contained herein shall be deemed an admission of liability on the part of OMC with respect to Vitale's claims.

6. Nothing herein shall be deemed to waive OMC' right to object to any late-filed proof of claim or to contest any request to allow a late-filed proof of claim.

7. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulated Order.

8. This Stipulated Order may be signed in counterpart originals, which, when fully executed, shall constitute a single original.

Dated: Chicago, Illinois
April 18, 2001

OUTBOARD MARINE CORPORATION, et al.,

By: *[signature]*
David S. Kurtz (ARDC No. 03126561)
Mark A. McDermott (ARDC No. 06209460)
Eric W. Kaup (ARDC No. 6229548)
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM (ILLINOIS)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
Tel: (312) 407-0700

NICHOLAS VITALE

By: _____
Michael J. Lubeck
COONEY AND CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602
Tel: (312) 236-6166

Date: Chicago, Illinois
April 25, 2001

*[signature]*
UNITED STATES BANKRUPTCY JUDGE