# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

E O D   AUG 1 4 2001

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| OUTBOARD MARINE CORPORATION, | ) | Case No. 00-37405 (Jointly Administered) |
| et al., | ) |  |
| Debtors | ) | Hon. Ronald Barliant |
|  | ) |  |
|  | ) |  |

## ORDER AUTHORIZING ASSUMPTION AND ASSIGNMENT OF (I) LICENSE AGREEMENT DATED JUNE 9, 1986, AS AMENDED, BETWEEN OUTBOARD MARINE CORPORATION AND ORBITAL ENGINE COMPANY (AUSTRALIA) PTY. LTD., AND (II) NON-ASSERT AND SETTLEMENT AGREEMENT DATED AS OF MAY 13, 1999 BETWEEN OUTBOARD MARINE CORPORATION AND ORBITAL ENGINE COMPANY (AUSTRALIA) PTY. LTD. AND ORBITAL ENGINE CORPORATION LIMITED

THIS CAUSE coming on to be heard at the regularly-scheduled status hearing in the above-referenced matter;

The Court by the *Order Approving Asset Purchase Agreements and Option Agreement, etc., dated February 9, 2001* (the "Sale Order") having approved the sale by Outboard Marine Corporation (the "Debtor") of certain assets to Bombardier Motor Corporation of America ("Bombardier") pursuant to the Asset Purchase Agreement between the Debtor and Bombardier dated as of February 5, 2001 (the "Sale Agreement");

Bombardier by the Sale Agreement having designated for assumption and assignment to it pursuant to 11 U.S.C. § 365 the License Agreement between Orbital Engine Company (Australia) Pty. Ltd. ("OEC") and the Debtor dated June 9, 1986, as amended on January 30,

#293487v2

/

1088

1991, December 28, 1995 and as of May 13, 1999 (the "License Agreement") and the Non-

Assert and Settlement Agreement between OEC and Orbital Engine Corporation Limited ("OEC

Corp." and, with OEC, "Orbital") and the Debtor dated as of May 13, 1999 (the "Settlement

Agreement" and, with the License Agreement, the "Agreements");

The Debtor by the *Notice of Amounts Necessary to Cure Defaults Under Contracts and*

*Leases Proposed to be Assumed and Assigned to Potential Purchasers of Outboard Marine*

*Corporation dated January 12, 2001* having notified OEC of its intention to assume and assign

the License Agreement to the successful bidder(s) for the Debtor's assets, and of the February 7,

2001 deadline to object to the proposed assumption and assignment of the License Agreement;

Orbital by the *Objection to Proposed Assumption and Assignment of Executory Contracts*

*in Connection With the Debtors' Proposed Sale of Substantially All of Their Assets, Including*

*Objection to Proposed Cure Amount dated January 17, 2001* (the "Orbital Objection") having

objected to the assumption and assignment of the Agreements by the Debtor to any third party

without Orbital's consent, Bombardier having filed a Response to the Orbital Objection (the

"Bombardier Response") on February 23, 2001 and Orbital having filed a Reply to the

Bombardier Response (the "Orbital Reply") on June 1, 2001;

Orbital and Bombardier having resolved their dispute relating to the Debtor's proposal to

assume and assign the Agreements to Bombardier pursuant to the Sale Agreement and the Sale

Order, and it appearing that the Agreements are "Designated Contracts" identified by Bombardier

to be assumed and assigned to it by the Debtor pursuant to paragraph 1.2 of the Sale Agreement;

and

The Court being fully advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This matter is a core proceeding and this order is a final order as those terms are used

in 28 U.S.C. §157 and 158.

2. Pursuant to 11 U.S.C. §§105 and 365 and the relevant provisions of the Sale

Agreement and the Sale Order, the Agreements are deemed to be Designated Contracts identified

by Bombardier to be assumed and assigned to it by the Debtor pursuant to paragraph 1.2 of the

Sale Agreement, the Debtor's assumption and assignment of the Agreements to Bombardier is

approved, and the cure amounts with respect to the License Agreement and the Settlement

Agreement are $5,000.00 and $1,548,127.00, respectively.

3. The Debtor is authorized and directed to execute and deliver such documents or other

instruments as may be necessary to effectuate the relief granted herein.

ENTER:

United States Bankruptcy Judge

**1 3 AUG 2001**

#293487v2