UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

E O D  JAN 15 2002

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OUTBOARD MARINE CORPORATION, | ) | No. 00 B 37405 |
| et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Ronald A. Barliant |

## ORDER GRANTING JONES, DAY, REAVIS & POGUE'S APPLICATION FOR (A) FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND (B) ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM

This matter is before the Court on the Application for (A) Final Allowance Of Compensation And Reimbursement Of Expenses And (B) Allowance Of An Administrative Expense Claim (the "Application") filed by Jones, Day, Reavis & Pogue ("Jones Day"); the Court having reviewed the Application and having heard the statements of counsel in support of the relief requested therein at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Application and the Hearing was sufficient; and the Court having determined that the legal and factual bases set forth in the Application and at a Hearing establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:[1]

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1]  Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Application.

1347

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The Application and the notice of the Application comply, as applicable, with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

D. Jones Day's requested final compensation for services rendered in connection with its representation of the Debtors during the Compensation Period is reasonable and appropriate under sections 330(a)(1)(A) and 331 of the Bankruptcy Code.

E. Jones Day's expenses incurred during the Compensation Period for which it seeks reimbursement were actual and necessary expenses within the meaning of sections 330(a)(1)(B) and 331 of the Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED in its entirety.

2. Jones Day's request for final allowance of compensation of $235,640.30 for services rendered during the Compensation Period and reimbursement of Expenses incurred during the Compensation Period of $14,383.59 is hereby approved.

3. Jones Day hereby is granted an allowed postpetition claim entitled to administrative expenses priority under sections 503(b)(2) and 507(a)(1) of the Bankruptcy Code in the amount of $199,057.78 (the "Allowed Administrative Claim").

4. The Debtors hereby are authorized and directed to pay to Jones Day the full amount of the Allowed Administrative Expense Claim as soon as chapter 11 administrative expense claims are paid in these cases.

Dated: _____, 2002

UNITED STATES BANKRUPTCY JUDGE

**JAN 1 4 2002**