UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )     Case No. 00-37405
                                    )     (Jointly Administered)
OUTBOARD MARINE CORPORATION,        )     Chapter 11
                                    )
        Debtor.                     )

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 1 5 2002
KENNETH S. GARDNER, CLERK
PS RSP, = FR

EOD OCT 1 6 2002

RESPONSE OF BRAGAR WEXLER EAGEL & MORGENSTERN LLP AND
ENTWISTLE & CAPPUCCI, LLC TO TRUSTEE'S OBJECTION TO FIRST
AND FINAL APPLICATION FOR COMPENSATION AND EXPENSES

TO THE HONORABLE JOHN H. SQUIRES
UNITED STATES BANKRUPTCY JUDGE:

Bragar Wexler Eagel & Morgenstern, LLP ("BWEM") and Entwistle & Cappucci, LLC ("E & C"), for their response to the objection by the Chapter 7 Trustee to the First and Final Applications for Compensation and Expenses filed by BWEM and E & C respectively, as counsel to the Official Committee of Retired Employees, respectfully represents as follows:

1.      On December 22, 2000, Outboard Marine Corporation and certain of its domestic subsidiaries, debtors and debtors-in-possession (collectively, the "Debtors") each filed with this Court a separate voluntary petition for relief under chapter 11 of title 11 of the United States Code

2.      In February 2001, this Court appointed an Official Committee of Retired Employees of Outboard Marine Corporation (the "Committee") and on February 23, 2001, approved the employment of BWEM and E&C as the Committee's co-counsel.

3.      On November 29, 2001, BWEM and E&C filed their First and Final Applications for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Committee (the "Applications"). (A copy of the Applications are

attached hereto as Exhibit A). As set forth in the Applications, BWEM sought the reimbursement of $66,013.00 in fees and $3,724.17 in expenses and E&C sought $38,718.50 in fees and $533.65 for the provision of services including:

- participating in numerous conferences with retirees, their representatives, and other professionals regarding the rights of retirees in these bankruptcy proceedings;

- reviewing and preparing an objection to the Debtors' motion to reject the retirees' pension and benefit plans, research regarding the same, preparing a motion to withdraw the reference with regard to such motion, attending and participating in the evidentiary hearing on the rejection motion, addressing appeal issues with respect to the order granting the rejection motion, preparing notices of appeal; and

- addressing other issues relating to the retirees' insurance and pension benefits and responding to inquiries from Committee members and other former employees concerning their benefits.

*See* Exhibit A.

4.     Attached to the Applications were BWEM and E&C's detailed time records containing a summary of each individual professional's time, an itemization of the services performed, including: dates, time spent, the hourly rate and the dollar value for such services. Also attached to the Application were statements detailing BWEM's actual and necessary out-of-pocket disbursements incurred in connection with services rendered to the Committee. *See* Exhibit A.

5.     On August 6, 2002, by Memorandum Opinion, Bankruptcy Judge Barliant approved the BWEM and E&C Applications in full. (A copy of the Court's Memorandum Opinion is attached hereto as Exhibit B). Notwithstanding an apparent mix-up in the filing and/or docketing of the Trustee's objection to the Applications, in approving the Applications, the Court obviously independently reviewed the Applications and by its decision granting the Applications in full, making a specific factual finding

that, "there are no charges that appear to be redundant, excessive, or unnecessary." (Exhibit B at p. 2, emphasis added).

6.  The Trustee now seeks reconsideration of the already fully considered Applications, and essentially asks that the Court overturn Judge Barliant's previous decision in respect of the Applications. BWEM and E&C submit that the Trustee's objections to the Applications are unfounded. BWEM and E&C on behalf of the Committee took reasonable and necessary actions to protect the interests of the thousands of Outboard employees who lost their jobs, their retirement benefits and their health coverage as a result of the demise of the Debtors. It is simply petty for the Trustee to identify a few supposedly objectionable time entries and to contest such items as taking phone calls from retirees and inquiring about the availability of alternative health insurance for Outboard's thousands of displaced retirees. Availability of such insurance was one of the issues that was specifically addressed at the hearing. The suggestion that the undersigned should not have answered the telephone, or should have refused to carry on a telephone conversation with an Outboard retiree is simply outrageous and completely insensitive. Indeed, Judge Barliant already found that all of BWEM and E&C's efforts were necessary and that the Applications are not excessive. Both BWEM and E&C attempted to minimize expenses to the estate where possible, and submit that the Applications are not excessive under the excessive under the circumstances of this major case.

7.  Moreover, the Applications described with sufficient specificity the work performed. As noted above, the Applications provided documentation of the date, time spent and detailed task descriptions for all work performed as well as documentation of expenses incurred (about which the Trustee has not objected).

3

8.  The Trustee has no legitimate basis to object to BWEM and E&C's Applications and indeed, this Court has already fully considered and approved the Applications. BWEM & E&C therefore respectfully submit that the Trustee's objections should be overruled and the Applications granted *again* in their entirety.

WHEREFORE, BWEM and E&C request the entry of an order denying the Objection by the Trustee and Approving BWEM and E&C's First and Final Applications for Compensation and Reimbursement.

Dated: October 14, 2002

BRAGAR WEXLER EAGEL & MORGENSTERN, LLP

By: _____
Peter D. Morgenstern (PM-5021)
885 Third Avenue, Suite 3040
New York, New York 10022
(212) 308-5858

## CERTIFICATE OF SERVICE

   Kate Webber-Pitcock, certifies that on October 14, 2002 she caused a copy of the attached Response of Bragar Wexler Eagel & Morgenstern, LLP and Entwistle & Capucci, LLC  to Trustee's Objection to First and Final Application for Compensation and Expenses to be served on

Kathleen Klaus
D'Ancona & Pflaum LLC
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Fax # (312) 602-2000

by fax and first class mail, and on the attached service list by first class mail.


                   */s/ Kate Webber-Pitcock*
                   Kate Webber-Pitcock

## *SERVICE LIST*

Catherine L. Steege
Jenner & Block
One IBM Plaza
38th Floor
Chicago, IL 60611

Larry Nyhan, Esq.
Matthew A. Clemente, Esq.
Sidley & Austin
10 S. Dearborn St., 48th Floor
Chicago, IL 60603

Mark Page
Bank One, NA
Law Dept., Mail Code IL1-0287
1 Bank One Plaza
Chicago, IL 60670-0287

Harold Kaplan
Jeffrey Schwartz, Esq.
Gardner Carton & Douglas
321 N. Clark St. Suite 3400
Chicago, IL 60610

Alan Kornberg, Esq.
Paul Weiss
Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

Anthony J. Smits, Esq.
Bingham Dana LLP
One State Street
Hartford, CT 06103

Forrest Lammiman, Esq.
Timothy W. Brink, Esq.
Lord Bissell & Brook
115 South LaSalle Street
Chicago, IL 60603

Mary McConnell
Genmar Holdings, Inc.
80 S. 8th Street, Suite 2900
Minneapolis, MN 55402-2250

E. Decker Adams
State Street Bank & Trust Co.
Two Avenue de Lafayette
Boston, MA 02111

Kathryn Gleason, Esq.
Office of the United States Trustee
Regional Office
227 West Monroe, Suite 3500
Chicago, IL 60606

Alan P. Solow
Goldberg Kohn Bell Black Rosenbloom & Moritz
55 East Monroe Street, Suite 3700
Chicago, IL 60603

Richard Hiersteiner, Esq.
Palmer & Dodge LLP
One Beacon Street
Boston, MA 02108-3190

David A. Blackburn
Chief Executive Officer
Thomas G. Faria Corporation
385 Norwich-New London Turnpike
Uncasville, CT 06382

Michael L. Gesas, Esq.
Gesas Pilati and Gesas, Ltd.
53 W. Jackson Blvd., Suite 528
Chicago, IL 60604

Robert L. Green, Esq.
Dan Sullivan, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Ave
Washington, DC 20004

Howard L. Adelman, Esq.
Adelman, Gettleman,
Merens, Berish & Carter, Ltd.,
53 West Jackson Blvd., Suite 1050
Chicago, IL 60604

John Collen
Duane, Morris & Heckscher LLP
227 W. Monroe Street, Suite 3400
Chicago, IL 60606

Alex D. Moglia & Associates, Inc.
1325 Remington Road
Suite H
Schaumburg, IL 60173

Elizabeth Wallace
Senior Assistant Attorney General
Environmental Bureau
Illinois Attorney General's Office
188 West Randolph Street - Suite #2001
Chicago, IL 60601

Michael M. Eidelman
Vedder, Price, Kaufman & Kammholz
222 N. LaSalle Street
Suite 2600
Chicago, IL 60601

Alan S. Tenenbaum, Senior Counsel
Frank Biros
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

John M. Heaphy, Jr.
Vurdelja & Heaphy
120 North LaSalle Street – Suite #1150
Chicago, IL 60602

Jerome I. Maynard
Dykema Gossett PLLC
55 E. Monroe St.
Suite 3050
Chicago, IL 60603-5709

Russell C. Bergman
LaSalle Bank, N.A.
135 South LaSalle Street, Suite 1960
Chicago, IL 60603

James L. Eggeman
Michael Miller
Pension Benefit Guaranty Corporation
1200 K Street, N.W., Suite 340
Washington, DC 20005-4026

Stanley J. Parzen
Mayer, Brown & Platt
190 South LaSalle Street
Chicago, IL 60603-3441

Mark A. Stang
Holland & Knight LLP
55 West Monroe Street
Suite 800
Chicago, IL 60603

Michael S. Blazer
The Jeff Diver Group, L.L.C.
1749 S. Naperville Road – Suite #102
Wheaton, IL 60187

Brian Michael Graham
Russell B. Selman
Katten Muchin Zavis
525 W. Monroe St. Suite 1600
Chicago, IL 60661-3693

Joseph S. Wright, Jr.
McBride Baker & Coles
500 W. Madison St.
40th Floor
Chicago, IL 60661-2511

Michael J. Baughman
Cohn & Baughman
525 West Monroe Street
Suite 550
Chicago, IL 60661

LP