EOD OCT 23 2002

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| OUTBOARD MARINE CORPORATION, ) | Case No. 00 B 37405 |
| and its related debtor entities, ) | |
| ) | |
| Debtors. ) | Hon. Ronald Barliant |
| ) | |
| ) | Hearing Date: October 29, 2002 |
| ) | Hearing Time: 10:00 a.m. |
| ) | |

**CHAPTER 7 TRUSTEE'S REPLY TO BRAGER WEXLER EAGEL &
MORGENSTERN LLP'S AND ENTWISTLE & CAPPUCCI, LLC'S RESPONSE
TO TRUSTEE'S OBJECTION TO FIRST AND FINAL APPLICATION FOR
COMPENSATION AND EXPENSES**

Brager Wexler Eagel & Morgenstern, LLP and Entwistle & Cappucci, LLC (jointly, "Counsel") misstate the proceedings below and the basis for the Trustee's objection to Counsel's application for fees.

As an initial matter, the court granted Counsel's fee petition because the court mistakenly believed that the Trustee did not object to Counsel's fee application. When the Trustee asked the court to reconsider its order in light of the Trustee's timely-filed objection, the court agreed to do so. If, as Counsel suggests, the court had made an

636320 v1; 102528/000

independent determination that the fees should be allowed, the court would not have granted the motion for reconsideration.

Second, as stated in the Trustee's objection, the Trustee asked Counsel for additional information in order to resolve some of his objections concerning the nature of the work performed and the rates charged. That information was never produced, Counsel electing instead to rely on its initial, deficient application. For example, the Trustee asked for information relating to the skills and experience of each of the attorneys who billed time, in order to determine whether the fees charged were commensurate with the experience of the attorneys. Counsel refused to produce this routine information, although it is asking to be compensated at the rate of $450 per hour. The Trustee also asked that Counsel's lumped time be broken down into discrete tasks, as required by Local Bankruptcy Rule 607. Again, rather than comply with this simple yet necessary task, Counsel elected to rely on its initial application and its misplaced belief that the court has already fully considered its application.

Counsel's representations that it performed a valuable service for Outboard Marine Corporation's retired employees is not a sufficient basis for awarding it over $100,000. Like every other professional seeking to be paid from the estate, Counsel is required to submit an application for fees that complies with the Local Bankruptcy Rules

and which shows that the fees incurred were both reasonable and necessary. Counsel has failed to do so and its application should be denied.

> Respectfully submitted,
>
> Alex D. Moglia, not individually but as chapter 7 trustee for Outboard Marine Corporation and its related debtor entities

Dated: October 22, 2002

By: _____
One of his attorneys

Steven B. Towbin (#2848546)
Kathleen H. Klaus (#6211316)
D'Ancona & Pflaum LLC
111 E. Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 602-2000