EOD DEC 24 2002

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OUTBOARD MARINE CORPORATION, | ) | Case No. 00 B 37405 |
| *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. John H. Squires |

**JOINT STATEMENT ON CONTESTED MATTERS
BY KPMG AND THE TRUSTEE RELATING TO
KPMG'S FIRST AND FINAL FEE APPLICATION**

Alex D. Moglia, not individually, but as chapter 7 trustee ("Trustee") for Outboard Marine Corporation and its Related Debtor Entities ("OMC"), and KPMG LLP ("KPMG") hereby respectfully submit this joint statement ("Joint Statement") regarding KPMG's first and final application for compensation and expenses (the "Fee Application") incurred during the time period beginning December 22, 2000 and ending July 31, 2001 (the "Application Period").

I. **KPMG's Brief Statement Of The Theory On Which Its Application Is Based And The Supporting Contentions Of Fact.**

On February 23, 2001, OMC filed an application to employ and retain KPMG as its accountants, auditors, and tax advisors effective as of December 22, 2000 (the "Petition Date"). The Court authorized the employment of KPMG as accountants, auditors, and tax advisors to OMC effective as of the Petition Date, by Order entered on April 18, 2001 (the "Retention Order").

During the Application Period, KPMG assisted OMC's tax department. The services that KPMG performed were conducted at the request of, and under the direction of, OMC. In the course of these services, KPMG prepared 12 separate federal income tax

1

648894.v1: 102528/000

2154

returns, 44 separate state income tax returns, and at least 124 separate sales tax returns, as well as franchise and excise tax returns. KPMG assisted OMC in other respects as well, including, but not limited to, updating records necessary to determine federal taxable income for OMC, assisting OMC in 7 separate state audits and inquiries, and assisting OMC in preparing court reports calculating OMC's tax liabilities. KPMG also assisted OMC with audit services for its employee benefit plans. All work performed by KPMG was done so at the request of OMC.

On November 30, 2001, KPMG filed its Fee Application pursuant to Sections 327, 328, 330, 331, and 503 of the United States Bankruptcy Code. In the Fee Application, KPMG seeks allowance of $392,361.50 as compensation for services rendered and $17,104.64 for reimbursement for actual and necessary expenses, for a total of $409,466.14 during the Application Period. KPMG therefore seeks permission to apply the $200,000 Retainer and seeks additional compensation of $209,466.14.

By Order dated August 6, 2002, Judge Barliant overruled in part the Trustee's objection to KPMG's Fee Application, holding that KPMG is a "disinterested person." The Court held that the only issues remaining to be resolved with respect to the Fee Application are KPMG's entitlement to reimbursement for legal fees and the Trustee's objections as to the amount of the compensation.

II. **The Trustee's Brief Statement Of The Theory On Which Its Objection Is Based And The Supporting Contentions Of Fact.**

The Trustee objects to KPMG's fee petition on grounds that (a) KPMG was not disinterested and, therefore, the estate's application for authorization to retain KPMG should not have been granted from the outset and (b) KPMG failed to meet its burden of showing that the fees sought are reasonable and were necessary for the administration of

2

648894.v1: 102528/000

OMC's chapter 11 estate. Although the Honorable Ronald Barliant overruled the Trustee's first objection on the ground that KPMG agreed to waive any claim it had against the estate and the creditor's committee was not aware of a preference claim against KPMG at the time they were retained, his order was not final and Trustee urges the court to reconsider that ruling in light of the Third Circuit's recent decision in *In re Pillowtex*, 304 F.3d 246 (3rd Cir. 2002). The Trustee's second objection is based on KPMG's request for the payment of services that are clearly duplicative and unnecessary or for which KPMG failed to provide appropriate documentation. Of the $409,466.14 sought, the Trustee objects to at least $184,357.89 on this basis.

### A. First Objection

In connection with its retention, KPMG disclosed that it had "received a retainer of $200,000 for unpaid and not yet invoiced pre-petition fees for KPMG LLP and KPMG foreign member firms." In fact, OMC wire transferred KPMG $422,807 – not $200,000 – on the petition date and had paid in an additional $243,328 during the preference period. In addition, KPMG had claims for unpaid invoices against the estate. As a condition of its retention, KPMG agreed to waive any claim it may have as a result of having to disgorge a preference. The waiver of a potential claim does not render KPMG "disinterested" under the bankruptcy code. In support of this objection, the Trustee will rely on the affidavits filed by KPMG in connection with its retention; the April 19, 2001 order allowing KPMG's retention; and summary documents showing the dates on which KPMG received payments from OMC.

3

### B. Second Objection

Many of the time entries on KPMG's fee petition do not pass the blush test. For example, KPMG is seeking thousands of dollars in fees for meetings that one KPMG employee had with himself. The Trustee also objects to KPMG's request for compensation for administrative matters, for meetings concerning its compensation in this case, for completing sales tax returns months after OMC had sold substantially all of its assets and other activities that were not necessary to its work on behalf of OMC. To support these objections, OMC will rely on the KPMG's fee petition and the testimony of Terry Ellis.

### C. Discovery Requests to KPMG

As of December 16, 2002, KPMG had failed to respond to both informal and formal document production requests by the Trustee. As of the date of this Joint Statement, KPMG has provided, in a piecemeal fashion, only limited amounts of information and has refused to produce time sheets of other documents that support the fee application.

### III. Joint Statement Of Material Admitted Or Uncontested Facts.

1. The Court authorized the employment of KPMG as accountants, auditors, and tax advisors to OMC, effective as of the Petition Date, by Order entered April 18, 2001.

2. During the Application Period, KPMG assisted OMC by performing various services.

3. KPMG assisted OMC during the Application Period with audit services for OMC's employee benefit plans.

4

648894.v1: 102528/000

4. To date, KPMG has not received any payment for any fees or expenses incurred during the Application Period, other than the Retainer.

## IV. KPMG's Summary Of Contested Facts.

The work performed by KPMG during the Application Period assisting OMC is summarized on Exhibit B to KPMG's Fee Application and on Exhibit G to the Response of KPMG LLP to Trustee's Objection to KPMG's Fee Application, dated May 13, 2002. Those exhibits reflect a total of 1,645.60 hours rendered for tax services and 29.00 hours rendered for audit services during the Application Period, with detailed time records of the professional and paraprofessional services rendered by KPMG during the Application Period, including the dates the services were performed, the identities of the professionals rendering such services, and hours expended. KPMG is also entitled to compensation for certain tasks performed by KPMG's professional assistants in conjunction with this engagement. The time and labor expended by KPMG is commensurate with the size and complexity of these cases and the number of tasks that KPMG was required to accomplish. The tasks performed by KPMG, as identified in the above-referenced exhibits, were necessary and reasonable in carrying out KPMG's obligations under the Retention Order. Moreover, the time spent on each task and the hourly rate charged for those tasks were reasonable.

Overall, the professional services provided were invaluable to the timely progression of OMC's chapter 11 cases. In addition, pursuant to the engagement letter signed by the parties, KPMG has reduced the fees sought in its application by thirty percent for time incurred on or before February 28, 2001, and by fifteen percent for incurred after February 28, 2001. The reduced fees amount to $386,420 for tax services

5

648894.v1: 102528/000

and $5,941.50 for audit services. The services KPMG provided are appropriate in comparison to the overall size and complexity of this engagement.

KPMG is also entitled to recover $17,104.64 in expenses. All of these expenses were reasonable in amount and reasonably incurred. Of this amount, $17,052.64 represents the legal fees incurred by KPMG in resolving objections raised to its retention by the Official Committee of Unsecured Creditors (the "Committee"), responding to the Committee's discovery requests, and attempting to negotiate resolution of various discovery disputes with the Committee. KPMG was forced to seek the legal assistance of Greenberg Traurig, P.C. to resolve issues relating to its disinterestedness and issues relating to the Committee's discovery efforts concerning previous audits performed by KPMG.

Greenberg Traurig, P.C. successfully resolved the Committee's objections to KPMG's retention, and their efforts resulted in the entry of an agreed order authorizing the retention of KPMG by the Debtors. The order also included a negotiated resolution of certain discovery issues. Pursuant to that Order, KPMG produced over 6000 pages of documents to the Committee. Despite that production, the Committee issued a Rule 2004 subpoena seeking the additional production of more than 70 categories of documents. KPMG required Greenberg Traurig, P.C.'s assistance in resolving issues related to the breadth and irrelevancy of the subpoena and in narrowing the scope of the Committee's request. Greenberg Traurig, P.C.'s efforts resulted in an order by Judge Barliant denying in substantial part the Trustee's motion to compel production pursuant to the Committee's Rule 2004 subpoena.

648894.v1: 102528/000

V.    **The Trustee's Brief Summary Of Contested Facts.**

KPMG has failed to support its contention that the fees sought in its Fee Application are reasonable compensation for actual, necessary services and/or reasonable reimbursement for actual, necessary expenses under 11 U.S.C. § 330 and Local Rule 607. KPMG's Fee Application includes multiple entries for unnecessary duplication of services and services that were not reasonably likely to benefit the debtors' estate or not necessary to the administration of the estate, including: (a) duplicative work performed by M. Pezzella and J. Scacco and its sales tax team; (b) audits of OMC's pension plans; (c) administrative matters, such as "analyzing time and completed projects"; (d) tax work for foreign subsidiaries; (e) installing lap top computer and organizing work area; (f) completing time sheets; (g) preparation of sales tax returns after KPMG had been instructed not to file any additional returns; (h) blank or nonsensical time entries; and (i) costs of responding to subpoena issues by OMC creditors' committee. KPMG has also failed to support the reasonableness of its rates in relation to the types of services performed and the level of the employees performing the services.

Further, the fees sought by KPMG in its Fee Application are inconsistent with the Debtors' records with respect to the allocation of fees to pre-petition and post-petition services. KPMG received more than $400,000 via wire transfer on the Petition Date and more than $200,000 during the Preference Period. KPMG has not waived any claim against the Trustee or the estate. KPMG has failed to provide documentation that readily identifies and clearly details the allocation of the payments made by OMC to KPMG during the Application Period.

7

VI.     **KPMG's Statement Of Contested Legal Issues.**

The contested legal issues remaining to be resolved in this contested matter are: (a) whether this Court should revisit Judge Barliant's ruling that KPMG is a disinterested person within the meaning of 11 U.S.C. § 327(a); (b) whether KPMG is entitled to reimbursement for certain legal fees; and (c) whether the fees sought by KPMG in its Fee Application are actual, necessary, and reasonable under 11 U.S.C. § 330.

VII.    **The Trustee's Statement Of Contested Legal Issues.**

The contested legal issues to be resolved in this contested matter are: (a) whether KPMG is entitled to any fees in light of the fact that is was not a disinterested person within the meaning of 11 U.S.C. § 327(a) because it did not waive its claims against the estate, *see In re Pillowtex, Inc.*, 304 F.3d 246, 253 (3rd Cir. 2002); (b) whether the fees sought by KPMG in its Fee Application are actual, necessary, and reasonable under 11 U.S.C. § 330 and Local Rule 607; (c) whether KPMG's rates are reasonable in light of the nature of the work performed by each particular employee and that employee's qualifications; and (d) whether KPMG is entitled to legal fees incurred in connection with resolving objections to its retention that were sustained.

VIII.   **KPMG's List Of Witnesses.**

1.  James M. Pezzella

2.  Dan Rahill

IX.     **The Trustee's List Of Witnesses.**

1.  Terry Ellis

8

648894.v1: 102528/000

X. **Estimate Of Time Needed To Complete The Hearing.**

KPMG estimates that one day will be necessary to complete the hearing on this contested matter. The Trustee estimates that one day will be necessary to complete the hearing on this contested matter.

Dated: December 23, 2002

ALEX D. MOGLIA, not individually, but as chapter 7 trustee for the Outboard Marine Corporation and its Related Debtor Entities

By: _____
One of his Attorneys

Steven B. Towbin ARDC #2848546
Kathleen H. Klaus ARDC #6211316
Jeremy C. Kleinman ARDC #6270080
Janice A. Alwin ARDC #6277043
D'ANCONA & PFLAUM LLC
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 602-2000
Facsimile: (312) 602-3016

KPMG LLP

By: _____
One of its Attorneys

Francis A. Citera, ARDC #6185263
Nancy A. Peterman, ARDC #6208120
Christopher M. Cahill, ARDC #6257370
Steven C. Coberly, ARDC #6230648
GREENBERG TRAURIG, P.C.
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 456-8400
Fax: (312) 456-8435

\\chi-srv01\coberlys\159942v01\3F#%01!.DOC\12/5/02