UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>OUTBOARD MARINE CORPORATION,<br>*et. al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 00 B 37405<br>(Substantively Consolidated)<br><br>Hon. John H. Squires<br><br>Hearing Date:  December 2, 2003<br>Hearing Time:  8:30 a.m. |

EOD NOV 26 2003

### TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE WITH KPMG LLP IN CONNECTION WITH KPMG LLP'S FIRST AND FINAL FEE APPLICATION AND THE TRUSTEE'S CLAIM FOR AVOIDANCE AND RECOVERY OF CERTAIN PREFERENTIAL TRANSFERS

Pursuant to Fed. R. Bankr. P. 9019, Alex D. Moglia, not personally but as chapter 7 Trustee (the "Trustee") for Outboard Marine Corporation and its related debtor entities (collectively, the "Debtors"), hereby moves this court for entry of an order approving proposed compromise between the Trustee and KPMG LLP ("KPMG") in connection with (i) the Trustee's claim (the "Claim") for avoidance and recovery of certain alleged preferential transfers made to KPMG during the ninety (90) days prior to the commencement of the bankruptcy cases of the Debtors (the "Preference Period"); (ii) KPMG's First and Final Fee Application For Compensation and Expense Reimbursement (the "Fee Application"); and (iii) the Trustee's objection to KPMG's Fee Application (the "Objection"). In support of this motion, the Trustee respectfully represents as follows:

### Jurisdiction

1. On December 22, 2000 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
NOV 25 2003
KENNETH S. GARDNER, CLERK
PS REP. - AI

{A0055825.DOC}

2.  On August 20, 2001, the Debtors' cases were converted to chapter 7 proceedings. Thereafter, the Trustee was duly appointed as the chapter 7 trustee of the Debtors' estate. The Trustee is now the representative of the Debtors' estates and has standing to bring suit on their behalf. 11 U.S.C. § 323(a), (b).

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

### KPMG's Fee Application

4.  KPMG served as OMC's outside accountants, auditors and tax advisors between May, 1999 and the Petition Date.

5.  The Debtors filed a motion to retain KPMG as their postpetition tax accountant on February 23, 2001 (the "Retention Motion"), and this Court entered an order allowing the Retention Motion effective as of the Petition Date.

6.  On November 30, 2001, KPMG filed its First and Final Fee Application for Compensation and Expense Reimbursement (the "Fee Application"), seeking $409,466.14 in fees and expenses for professional services rendered and costs and expenses incurred on behalf of the Debtors during the pendency of the Case.

7.  The Trustee objected to the Fee Application (the "Objection").

### The Preferences

8.  According to Debtors' records, during the Preference Period, the Debtors made and KPMG accepted certain transfers in the aggregate of $466,135.00 on account of antecedent debts owed to KPMG by the Debtors (the "Transfers"), excluding a $200,000.00 payment (the "Retainer"), which this Court had previously approved as a retainer for postpetition services by KPMG. During the same time, the Debtors are presumed to have been insolvent under 11 U.S.C. § 547(f).

{A0055825.DOC}                                   2

9. Furthermore, during the Preference Period, all of the Debtors' property and assets were subject to valid and perfected liens, security interests and mortgages to secure claims in excess of the value of Debtors' property. Because (i) the Transfers allowed KPMG to receive more than it would receive in a chapter 7 liquidation had the Transfers not been made, and (ii) because the Debtors made the Transfers at a time when it was insolvent, the Trustee made demand upon KPMG, via letter, for the return of the Transfers pursuant to 11 U.S.C. §§ 547 and 550.

10. The Trustee commenced an adversary proceeding (the "Adversary") against KPMG, which was assigned Adv. No. 02A01165, to avoid and recover the Transfers pursuant to 11 U.S.C. § 547 and 550. KPMG asserted certain defenses to the Trustee's Claim.

## The Proposed Compromise

11. In response to the Adversary and the Objection, the parties entered into negotiations to compromise each of claims at issue.

12. In conjunction with the parties' settlement discussions, the Trustee has continued to analyze the bases for KPMG's defenses to the Adversary, including: (i) a review and verification of the available records to demonstrate the payment history between the parties; and (ii) an assessment of the extent to which KPMG may be able to substantiate such defenses under the laws established in this circuit.

13. The Trustee has also considered the extent to which KPMG may be able to substantiate its defenses and overcome the Trustee's Objection to KPMG's Fee Application.

14. As a result of their examination of the Transfers, the Fee Application and Objection thereto and KPMG's defenses, the Trustee and KPMG have agreed to avoid the expense and unpredictability of a trial and, subject to this Court's approval, to compromise the Trustee's Claim and KPMG's Fee Application pursuant to the final negotiation of a settlement

{A0055825.DOC}    3

agreement ("Settlement Agreement") between the Trustee and KPMG. Subject to this Court's approval, the Settlement Agreement shall generally provide that:

- (a) KPMG shall pay $250,000.00 (the "Settlement Amount") to "Alex D. Moglia – OMC Chapter 7 Trustee" by federal wire transfer on or before the close of business on December 2, 2003.

- (b) The Trustee and KPMG will enter into a mutual release;

- (c) Upon the full and final honoring of the Settlement Amount, and upon entry of an order resolving the Fee Application, the Trustee shall dismiss the Adversary with prejudice and without costs pursuant to Fed. R. Bankr. P. 7041(a);

- (d) The Trustee and KPMG will seek entry of an order by this Court providing that (i) that KPMG may apply the Retainer to fees and expenses rendered and in incurred postpetition; (ii) KPMG's Fee Application will be finally resolved by virtue of the payment and honor of the Settlement Amount and application of the Retainer; and (iii) that the Trustee's Objections are withdrawn with prejudice.

- (e) Notwithstanding the above, this Court shall retain jurisdiction over the parties to enforce this proposed compromise and the Settlement Agreement.

### Applicable Authority

15.    This Court has broad discretion under Fed. R. Bankr. P. 9019(a) to approve the proposed compromise and Settlement Agreement provided that it is in the best interests of the Debtors' estates. *See In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). The Court need not, however, "conclusively determine claims subject to compromise, nor find that the settlement constitutes the best result obtainable." *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988) (citing *In re W.T. Grant Co.*, 699 F.2d 599, 613 (2d Cir.) *cert. denied*, 464 U.S. 822 (1983)). Similarly, "a precise determination of likely outcomes is not required, since 'an exact judicial determination of the values in issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (quoting *In re Energy Co-Op., Inc.*, 886 F.2d 921, 929 (7th Cir. 1989). All that is

required is for the court to "canvass the issues to determine the settlement does not fall 'below the lowest point in the range of reasonableness.'" *Apex Oil*, 92 B.R. at 867.

16. In assessing the proposed compromise, this Court must consider: (i) the estates' probability of success in the litigation; (ii) the cost of the litigation; (iii) the complexity of the litigation; (iv) the inconvenience and delay that a continuation of the litigation will cause; and (v) creditors' views on the settlement though such views are not controlling. *See American Reserve*, 941 F.2d at 161-62; *In re Central Ice Cream Co.*, 59 B.R. 476, 487 (Bankr. N.D. Ill. 1985), *appeal dismissed*, 62 B.R. 357 (N.D. Ill. 1986); *Apex Oil*, 92 B.R. at 867.

17. After assessing (i) the extent to which KPMG may be able to assert successful defenses to the Trustee's Claim; (ii) the extent to which KPMG could substantiate its defenses to and overcome the Trustee's Objection to KPMG's Fee Application; (iii) the anticipated litigation costs and corresponding risks involved in further prosecuting the Claim in light of the amount in dispute and the factual issues that must be resolved; and (iii) the immediate benefit that the Trustee can achieve for the estates and unsecured creditors through a compromise of the Claim and resolution of the Fee Application and Objection thereto, the Trustee has concluded that the proposed compromise is fair in all respects, and represents a favorable resolution of the Claim and KPMG's Fee Application in a manner that is in the best interests of the Debtors' estates.

## Notice

18. The Trustee served this motion on the Office of the United States Trustee, KPMG's counsel, and other parties requesting notice in these cases. In light of the issues involved, the Trustee believes that such notice is appropriate under the circumstances. Consequently, pursuant to Fed. R. Bankr. P. 2002(a)(3), 2002(i), and 9006(c), the Trustee requests that any further notice of this motion or the Court's hearing thereon be waived.

WHEREFORE, the Trustee requests that this Court enter an order substantially in the form attached hereto: (1) finding that notice of the motion and related hearings thereon, as described herein, was sufficient and that any further notice be waived pursuant to Fed. R. Bankr. P. 2002(a)(3), 2002(i), 9006(c) and 9007; (2) approving the motion; (3) approving the terms of the Settlement Agreement; and (4) providing such other relief as may be appropriate under the circumstances.

Respectfully submitted,

Alex D. Moglia, not personally but as chapter 7 trustee for Outboard Marine Corporation and its Related Debtor Entities

By: _____
One of his attorneys

Dated: November 25, 2003

Kathleen H. Klaus (#6211316)
Mark L. Radtke (#6275738)
Janice A. Alwin (#6277043)
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 276-1323
Fax: (312) 275-0571
e-mail: jalwin@shawgussis.com

{A0055825.DOC}                                6

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 00 B 37405 |
| OUTBOARD MARINE CORPORATION, | ) | (Substantively Consolidated) |
| *et. al.*, | ) | |
| | ) | Hon. John H. Squires |
| Debtors. | ) | |
| | ) | Hearing Date: December 2, 2003 |
| | ) | Hearing Time: 8:30 a.m. |

## NOTICE OF MOTION

TO: (See Attached Service List)

**PLEASE TAKE NOTICE** that on **December 2, 2003 at 8:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable John H. Squires**, U.S. Bankruptcy Court Judge, in the courtroom usually occupied by him as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing motions, and shall then and there present the **Trustee's Motion for Approval of Compromise with KPMG LLP in connection with KPMG's First and Final Fee Application and the Trustee's Claim for Avoidance and Recovery of Certain Preferential Transfers**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Janice A. Alwin (#6277043)
Shaw Gussis Fishman Glantz Wolfson
 & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 276-1323

## CERTIFICATE OF SERVICE

Janice A. Alwin certifies that she caused to be served a true copy of the above and foregoing notice and attached pleadings upon the above-referenced parties by facsimile on this 25th day of November, 2003.

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
NOV 25 2003
KENNETH S. GARDNER, CLERK
PS REP. - AI

{A0055825.DOC}

## SERVICE LIST

Catherine L. Steege
Jenner & Block
One IBM Plaza, 38th Fl.
Chicago, IL 60611
FAX: (312) 527-0484

E. Decker Adams
State Street Bank & Trust Co.
Two Avenue de Lafayette
Boston, MA 02111
FAX: (617) 662-1456

Larry Nyhan
Matthew A. Clemente
Sidley & Austin
10 S. Dearborn Street, 48th Fl.
Chicago, IL 60603
FAX: (312) 853-7036

Kathryn Gleason
Office of the U.S. Trustee
227 W. Monroe St., Suite 3500
Chicago, IL 60606
FAX: (312) 886-5794

Mark Page
Bank One, NA
Law Dept., Mail Code IL1-0287
1 Bank One Plaza
Chicago, IL 60670-0287
FAX: (312) 732-3596

Alan P. Solow
Goldberg Kohn Bell Black,
   Rosenbloom & Moritz, Ltd.
55 E. Monroe Street, Suite 3700
Chicago, IL 60603
FAX: (312) 332-2196

John Collen
Duane, Morris & Heckscher LLP
227 W. Monroe Street, Suite 3400
Chicago, IL 60606
FAX: (312) 499-6701

Russell C. Bergman
LaSalle Bank, N.A.
135 S. LaSalle Street, Suite 1960
Chicago, IL 60603
FAX: (312) 904-2236

Alex D. Moglia
Alex D. Moglia & Associates, Inc.
1325 Remington Road, Suite H
Schaumburg, IL 60173
FAX: (847) 884-1188

James L. Eggeman
Michael Miller
Pension Benefit Guaranty Corporation
1200 K Street, N.W., Suite 340
Washington, DC 20005-4026
FAX: (202) 326-4112

Elizabeth Wallace
Senior Assistant Attorney General
Environmental Bureau
Illinois Attorney General's Office
188 West Randolph St., Suite 2001
Chicago, IL 60601
FAX: (312) 814-2347

Stanley J. Parzen
Mayer, Brown & Platt
190 South LaSalle Street
Chicago, IL 60603-3441
FAX: (312) 706-8668

Harold Kaplan
Jeffrey Schwartz
Gardner Carton & Douglas
321 N. Clark Street, Suite 3400
Chicago, IL 60610
FAX: (312) 644-3381

Richard Hiersteiner
Palmer & Dodge LLP
111 Huntington Ave. At Prudential Center
Boston, MA 02199-7613
FAX: (617) 227-4420

Alan Kornberg
Paul Weiss
Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064
FAX: (212) 757-3990

David A. Blackburn
Chief Executive Officer
Thomas G. Faria Corporation
385 Norwich-New London Turnpike
Uncasville, CT 06382
FAX: (860) 848-2704

Anthony J. Smits
Bingham Dana LLP
One State Street
Hartford, CT 06103
FAX: (860) 240-2800

Michael L. Gesas
Gesas Pilati and Gesas, Ltd.
53 W. Jackson Boulevard, Suite 528
Chicago, IL 60604
FAX: (312) 939-1742

Michael M. Eidelman
Vedder, Price, Kaufman & Kammholz
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601
FAX: (312) 609-5005

Mark A. Stang
Holland & Knight LLP
55 W. Monroe Street, Suite 800
Chicago, IL 60603
FAX: (312) 578-6666

Michael S. Blazer
The Jeff Diver Group, L.L.C.
1749 S. Naperville Road, Suite 102
Wheaton, IL 60187
FAX: (630) 690-2812

Alan S. Tenenbaum, Senior Counsel
Frank Biros
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
FAX: (202) 353-0296

John M. Heaphy, Jr.
Vurdelja & Heaphy
120 N. LaSalle Street, Suite 1150
Chicago, IL 60602
FAX: (312) 345-2005

Michael J. Baughman
Cohn & Baughman
525 West Monroe St., Suite 550
Chicago, IL 60661
FAX: (312) 775-3924

{A0055825.DOC}

Forrest Lammiman
Timothy W. Brink
Lord Bissell & Brook
115 South LaSalle St.
Chicago, IL 60603
FAX: (312) 443-0336

Robert L. Green
Dan Sullivan
Howrey Simon Arnold & White
1299 Pennsylvania Avenue
Washington, DC 20004
FAX: (202) 383-6610

Howard L. Adelman
Adelman, Gettleman, Merens,
    Berish & Carter, Ltd.,
53 W. Jackson Boulevard, Suite 1050
Chicago, IL 60604
FAX: (312) 435-1059

Stephen Armstrong
Karin Torain
Greta Weathersby
North Shore Gas Company
130 East Randolph Dr., 23rd Floor
Chicago, IL 60601
FAX: (312) 240-4486

Jerome I. Maynard
Dykema Gossett PLLC
55 East Monroe St., Suite 3050
Chicago, IL 60603-5709
FAX: (312) 551-4919

Joseph S. Wright, Jr.
McBride Baker & Coles
500 West Madison St., 40th Fl.
Chicago, IL 60661-2511
FAX: (312) 993-9350

Counsel for KPMG LLP:

Paul T. Fox
Nancy A. Peterman
Robert W. Lannan
Greenberg Traurig, P.C.
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
Tel: (312) 456-8400
Fax: (312) 456-8435

{A0055825.DOC}