# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**OUTBOARD MARINE CORPORATION,** *et al.*,<br><br>Debtors. | Chapter 7<br>**Case No. 00 B 37405**<br>**(Substantively Consolidated)**<br><br>**Hon. John H. Squires**<br><br>**Hearing Date: April 4, 2006**<br>**Hearing Time: 9:30 a.m.** |

## NOTICE OF MOTION

TO:      Attached Service List

     **PLEASE TAKE NOTICE** that on **April 4, 2006 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable John H. Squires,** Bankruptcy Judge, in the room usually occupied by him as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Trustee's Final Application for the Allowance and Payment of Fees and Expenses Incurred by George Vernon as Special Litigation Counsel to the Trustee and Related Relief**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

     **AT WHICH TIME AND PLACE** you may appear if you so see fit.

Patrick A. Clisham
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610

## CERTIFICATE OF SERVICE

Patrick A. Clisham certifies that service of the above and foregoing notice and attached pleadings was accomplished through the Electronic Notice for Registrants, as well as upon the attached service list by first-class U.S. Mail, postage prepaid, on this 21st day of March, 2006

_____
/s/ Patrick A. Clisham

## OFFICIAL SERVICE LIST

Catherine L. Steege*
Jenner & Block
One IBM Plaza, 38th Floor
Chicago, IL 60611
Fax:    (312) 840-7352

Kathryn M. Gleason
Office of the United States Trustee
227 West Monroe Street, Suite 3500
Chicago, IL 60606
Fax:    (312) 886-5794

Richard Hiersteiner
Palmer & Dodge LLP
111 Huntington Avenue, 19th Floor
Boston, MA 02199-7613
Fax:    (617) 227-4420

Russell C. Bergman*
LaSalle Bank, N.A.
135 South LaSalle Street, Suite 1960
Chicago, IL  60603
Fax:    (312) 904-2236

Frank Anderson, Kartar Khalsa,
Sam Batsell and Bonnie Keippel
Pension Benefit Guaranty Corporation
1200 K Street, N.W., Suite 340
Washington, DC  20005-4026
Fax:    (202) 326-4112

Paul B. Bech
Bazelon Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102-1907
Fax:    (215) 568-9319

Margaret A. Costello
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
Fax:    (313) 568-6658

Robert C. Butzier, Vice President*
U.S. Bank National Association
1 Federal Street
Boston, MA 02110
Fax:    (617) 603-6640

Harold Kaplan
Jeffrey Schwartz
Gardner Carton & Douglas
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Fax:    (312) 569-3201

William Daniel Sullivan
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Fax:    (703) 684-8075

Alex D. Moglia & Associates, Inc.
Attention:  Alex D Moglia
1325 Remington Road, Suite H
Schaumburg, IL  60173
Fax:    (847) 884-1188

Michael J. Baughman
Brian E. Mahoney
Cohn Baughman & Martin
333 West Wacker Drive, Suite 900
Chicago, IL 60606
Fax:    (312) 753-6601

Steven M. Adams
Wayzata Investment Partners LLC
701 East Lake Street, Suite 300
Wayzata, MN 55391
Fax:    (951-345-8901

George Vernon
P.O. Box 300
AmCor Bank Building
1625 10th St. 2nd Floor
Monroe, WI 53566

*Members of Chapter 7 Committee

The following is the list of attorneys who are currently on the list to receive e-mail notices for this case.

- **Janice A Alwin**
  jalwin@shawgussis.com

- **Richard E. Braun**
  braunre@doj.state.wi.us
  gurholtks@doj.state.wi.us

- **Kurt M Carlson**
  kcarlson@tishlerandwald.com

- **Patrick A Clisham**
  pclisham@shawgussis.com

- **Joseph E Cohen**
  jcohenattorney@aol.com
  jcohen@cohenandkrol.com

- **Christopher Combest**
  ccombest@quarles.com
  fbf@quarles.com

- **William J Connelly**
  wconnelly@hinshawlaw.com

- **Timothy C Culbertson**
  tculbertson1@sbcglobal.net

- **Jeffrey C Dan**
  jdan@craneheyman.com
  gbalderas@craneheyman.com;dwelch@craneheyman.com

- **John S. Delnero**
  jdelnero@bellboyd.com

- **Michael K Desmond**
  mdesmond@fslegal.com

- **Bruce Dopke**
  bruce@dopkelaw.com

- **Dennis A Dressler**
  ddressler@askborst.com

- **Kenneth A Fedinets**
  kfedinets@gpgglaw.com

- **Jeffrey L. Gansberg**
  gansberg@wildmanharrold.com

- **Michael L. Gesas**
  mgesas@gpgglaw.com

- **Chad H. Gettleman**
  cgettleman@ag-ltd.com

- **Geoffrey S. Goodman**
  ggoodman@foley.com
  egreen@foley.com;khall@foley.com

- **David B. Goroff**
  dgoroff@foley.com

- **John S Graettinger**
  jsg@pentwater.com
  ecf@pentwater.com

- **Allen J Guon**
  aguon@shawgussis.com

- **Forrest L Ingram**
  foringpc@aol.com

- **Paula K. Jacobi**
  pjacobi@sff-law.com lbentivegna@sff-law.com

- **Steven R Jakubowski**
  sjakubowski@colemanlawfirm.com

- **Gregory J Jordan**
  gjordan@dykema.com

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**OUTBOARD MARINE CORPORATION,** *et al.*,<br><br>Debtors. | Chapter 7<br>**Case No. 00 B 37405**<br>**(Substantively Consolidated)**<br><br>**Hon. John H. Squires**<br><br>**Hearing Date: April 4, 2006**<br>**Hearing Time: 9:30 a.m.** |

**TRUSTEE'S FINAL APPLICATION FOR THE ALLOWANCE AND
PAYMENT OF FEES AND EXPENSES INCURRED BY GEORGE VERNON
AS SPECIAL LITIGATION COUNSEL TO THE TRUSTEE AND RELATED RELIEF**

Alex D. Moglia, (the "Trustee") not individually, but as trustee for the chapter 7 estates of Outboard Marine Corporation and its related debtor entities (collectively, "OMC" or the "Debtors"), applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), (i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the: (a) allowance of $8,558.00 in compensation for 38.9 hours of professional services rendered by George Vernon ("Vernon"), Special Litigation Counsel to the Trustee, for the period beginning June 2, 2004 through and including March 15, 2006 (the "Application Period"); (b) reimbursement of $22.23 for actual costs incurred incident to those services; (c) final approval of all interim compensation and expense reimbursement previously applied for and awarded by this Court on an interim basis; and (d) shortened and limited notice thereof. In addition, the Trustee requests that other and further notice of the hearing on this application (the "Application") be waived. In support of this Application, the Trustee respectfully represents as follows:

{3991 APPL A0122336.DOC}

## BACKGROUND

1.      On December 22, 2000, the Debtors filed voluntary petitions for relief under

chapter 11 of the Bankruptcy Code.  Each of the Debtors remained in possession of its assets and

continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107

and 1108 until the cases were converted to cases under chapter 7 of the Bankruptcy Code on

August 20, 2001.  The Trustee was duly appointed August 24, 2001.

2.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF VERNON

3.      OMC had self insured retention requirements in excess of $1.0 million on its

various products liability insurance policies.  The Debtors, therefore, must incur the costs of

defending, settling or paying the judgments on the outstanding personal injury cases and claims

asserted against OMC (the "PI Cases").

4.      On March 11, 2002, this Court approved the Trustee's application to retain and

employ Vernon as special counsel to the Trustee to represent the Trustee and OMC's estate in

the liquidation and litigation the vast majority of the PI Cases.  A copy of the Order Authorizing

the Trustee to Employ Vernon as Special Litigation Counsel to the Trustee (the "Retention

Order") is attached hereto as Exhibit A.

## SUMMARY AND DESCRIPTION OF PRINCIPAL ACTIVITIES

5.      Vernon has successfully negotiated and resolved several of the PI Cases and has

coordinated the acceptance of the defense of four pending products liability cases by the excess

insures.  As part of their representation of the Trustee and OMC's estate during the Application

Period, Vernon performed, *inter alia*, the following tasks:

{3991 APPL A0122336.DOC}                    2

a.      Reviewed all available pleadings and correspondence and related documents with respect to the pending personal injury cases;

b.      Investigated various defenses which may be asserted against the plaintiffs;

c.      Examined and addressed possibilities of third-party liability;

d.      Negotiated stays and potential resolutions with plaintiffs' counsel;

e.      Coordinated defense and settlement strategies with trial counsel;

f.      Conducted discovery, including the planning and participation in depositions and scheduling conferences;

g.      Reviewed and responded to incoming discovery requests submitted by the plaintiffs and materials produced by the plaintiffs and other defendants;

h.      Communicated with counsel to the plaintiffs regarding the merits of their claims against OMC, OMC's defenses, and settlement of claims;

i.      Communicated with OMC's insurers regarding various cases potentially reaching OMC's umbrella liability coverage;

j.      Regularly communicated with, the Trustee and the Trustee's counsel with respect to developments in the case and strategy going forward; and

k.      Otherwise represented the interests of the Trustee and OMC's estate in connection with the personal injury cases.

## PROFESSIONALS WHO PERFORMED SERVICES FOR THE TRUSTEE

6.      Vernon was employed by the Trustee for the sole purpose of coordinating and resolving personal injury claims and litigation with respect to the Debtors' estate.  As a result, all of the services provided by Vernon during the Application Period are categorized under the category Person Injury Litigation.

7.      The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services:

| Law Firm | Professional | Hours | Hourly Rate | Amount |
|----------|--------------|-------|-------------|--------|
| Vernon | George Vernon | 38.9 | $220.00 | $8,558.00 |

8.      All of the services for which compensation is requested were services, which in the billing judgment of Vernon, were necessarily rendered after due consideration of the expected costs and anticipated benefit of such services.  Attached hereto as Exhibit B is the invoice issued by Vernon dated March 17, 2006, which provides: (a) detailed descriptions of all services rendered with respect to the PI Cases and (b) the timekeeper, date and amount of time expended.

9.      The hourly rates charged by Vernon with respect to the PI Cases compare favorably with the rates charged by other personal injury and products liability attorneys in similar regions and having similar experience and expertise.  Further, the amount of time spent by Vernon with respect to the PI Cases is reasonable given the difficulty of the issues presented, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the OMC estate.

10.      Vernon possesses tremendous products liability and personal injury litigation experience and expertise.  In addition, Vernon has previously served as special litigation counsel to other entities in bankruptcy and has extensive experience in the liquidation of products liability claims and personal injury claims in bankruptcy.  This experience allows Vernon to provide extremely competent, effective legal services to the Trustee in an efficient, cost-effective manner.

11.    The issues presented within the PI Cases have been legally and factually complex. In addition, the amount of the claims asserted by the personal injury plaintiffs is significant. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled products liability and personal injury litigators inside and outside of the bankruptcy context, the Trustee respectfully submits that the amounts requested by Vernon represent fair and reasonable amounts for the allowance of compensation in this case.

## EXPENSES FOR ACTUAL COSTS

12.    The actual and necessary costs expended by Vernon during the Application Period are also detailed in the attached Exhibit B.  Vernon's requested reimbursement amount for expenses is $22.23.  All of the expenses for which reimbursement is requested are expenses which Vernon customarily recoups from all of his clients.

13.    The specific expenses incurred by Vernon during the Vernon Period for which reimbursement is sought are as follows:

| Category | Amount |
|---|---|
| Long Distance Telephone | $2.25 |
| Federal Express Delivery | $14.96 |
| Postage | $5.02 |
| **Vernon Total:** | **$22.23** |

14.    All expenses incurred by Vernon were ordinary and necessary expenses.  All expenses billed to the Trustee were billed in the same manner as Vernon bills non-bankruptcy

client, unless otherwise indicated.  Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

## PAYMENTS RECEIVED BY VERNON TO DATE

15.     Pursuant to the Retention Order, Vernon has applied for interim compensation not more than every 120 days.  To date, Vernon has received $88,084.97 of interim compensation and expense reimbursement, after notice and hearing and approval by this Court.  Vernon has not received any compensation or expense reimbursement to date in connection with the services rendered during the Application Period.

## COMPLIANCE WITH SECTION 504

16.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Vernon and any other firm, person or entity for the sharing or division of any compensation paid or payable to Vernon.

## NOTICE

17.     Notice of this Application has been provided to the U.S. Trustee, and other parties in interest entitled to notice thereof.  Based on the extent of the notice provided, the nature of the relief requested and the costs and burdens of transmitting notice to all of OMC's creditors, the Trustee respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i) and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Trustee requests the entry of an order, substantially in the form attached hereto, that:

  a.  allows and grants the Trustee authority to pay Vernon $8,558.00 in interim compensation for the period of June 2, 2004 through and including March 15, 2006;

  b.  allows and grants the Trustee authority to pay Vernon $22.23 in expense reimbursement for the period of June 2, 2004 through and including March 15, 2006;

  c.  approves as final, all interim compensation and expense reimbursement previously applied for and awarded by this Court on an interim basis;

  d.  waives other and further notice of this hearing with respect to this Application; and

  e.  provides the Trustee with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Alex D. Moglia, not personally, but as
chapter 7 trustee for Outboard Marine
Corporation and its related debtor entities

Dated:  March 21, 2006     By:_____/s/ Patrick A. Clisham_____
             One of his attorneys

Patrick A. Clisham (#6277264)
Shaw Gussis Fishman Glantz
 Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 980-3836
Fax: (312) 275-0584
pclisham@shawgussis.com