**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**OUTBOARD MARINE CORPORATION,** *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 00 B 37405<br>(Substantively Consolidated)<br><br>Hon. John H. Squires<br><br>Hearing Date: October 3, 2006<br>Hearing Time: 9:30 a.m. |

**NOTICE OF MOTION**

TO:    Attached Service List

**PLEASE TAKE NOTICE** that on **October 3, 2006 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable John H. Squires,** Bankruptcy Judge, in the room usually occupied by him as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Third and Final Application of Conway MacKenzie & Dunleavy as Consultants to Alex D. Moglia, Chapter 7 for Final Allowance of Compensation and Reimbursement of Expenses, Shortened and Limited Notice Thereof, and Related Relief**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Patrick A. Clisham
> Shaw Gussis Fishman Glantz
>   Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, IL 60610

**CERTIFICATE OF SERVICE**

Patrick A. Clisham that service of the above and foregoing notice and attached pleadings was accomplished through the Electronic Notice for Registrants, as well as upon the attached service list by first-class U.S. Mail, postage prepaid, on this 4th day of August, 2006

> /s/ Patrick A. Clisham

{3991 APPL A0136415.DOC}

**OFFICIAL SERVICE LIST – MAIL**

| | |
|---|---|
| Catherine L. Steege*<br>Jenner & Block<br>One IBM Plaza, 38th Floor<br>Chicago, IL 60611<br>Fax:   (312) 840-7352 | Robert C. Butzier, Vice President*<br>U.S. Bank National Association<br>1 Federal Street<br>Boston, MA 02110<br>Fax:   (617) 603-6640 |
| Kathryn M. Gleason<br>Office of the United States Trustee<br>227 West Monroe Street, Suite 3500<br>Chicago, IL 60606<br>Fax:   (312) 886-5794 | Harold Kaplan<br>Jeffrey Schwartz<br>Gardner Carton & Douglas<br>191 North Wacker Drive, Suite 3700<br>Chicago, IL 60606-1698<br>Fax:   (312) 569-3201 |
| Richard Hiersteiner<br>Palmer & Dodge LLP<br>111 Huntington Avenue, 19th Floor<br>Boston, MA 02199-7613<br>Fax:   (617) 227-4420 | William Daniel Sullivan<br>LeClair Ryan, A Professional Corporation<br>225 Reinekers Lane, Suite 700<br>Alexandria, VA 22314<br>Fax:   (703) 684-8075 |
| Russell C. Bergman*<br>LaSalle Bank, N.A.<br>135 South LaSalle Street, Suite 1960<br>Chicago, IL  60603<br>Fax:   (312) 904-2236 | Alex D. Moglia & Associates, Inc.<br>Attention:  Alex D Moglia<br>1325 Remington Road, Suite H<br>Schaumburg, IL  60173<br>Fax:   (847) 884-1188 |
| Frank Anderson, Kartar Khalsa,<br>and Bonnie Keippel<br>Pension Benefit Guaranty Corporation<br>1200 K Street, N.W., Suite 340<br>Washington, DC  20005-4026<br>Fax:   (202) 326-4112 | Michael J. Baughman<br>Brian E. Mahoney<br>Cohn Baughman & Martin<br>333 West Wacker Drive, Suite 900<br>Chicago, IL 60606<br>Fax:   (312) 753-6601 |
| Paul B. Bech<br>Bazelon Less & Feldman, P.C.<br>1515 Market Street, Suite 700<br>Philadelphia, PA 19102-1907<br>Fax:   (215) 568-9319 | Steven M. Adams<br>Wayzata Investment Partners LLC<br>701 East Lake Street, Suite 300<br>Wayzata, MN 55391<br>Fax:   (952) 345-8901 |
| Margaret A. Costello<br>Dykema Gossett PLLC<br>400 Renaissance Center<br>Detroit, MI 48243<br>Fax:   (313) 568-6658 | Frank R. Mack<br>Conway Mackenzie & Dunleavy<br>303 West Madison, Suite 1600<br>Chicago, IL 60606<br>Fax:   (312) 220-0101 |

*Members of Chapter 7 Committee

# CM/ECF Mailing Information for Case 00-37405

The following is the list of attorneys who are currently on the list to receive e-mail notices for this case.

- **Janice A Alwin**
  jalwin@shawgussis.com
- **Richard E. Braun**
  braunre@doj.state.wi.us gurholtks@doj.state.wi.us
- **Kurt M Carlson**
  kcarlson@tishlerandwald.com
- **Patrick A Clisham**
  pclisham@shawgussis.com
- **Joseph E Cohen**
  jcohenattorney@aol.com jcohen@cohenandkrol.com
- **Christopher Combest**
  ccombest@quarles.com fbf@quarles.com
- **William J Connelly**
  wconnelly@hinshawlaw.com
- **Timothy C Culbertson**
  tculbertson1@sbcglobal.net
- **Jeffrey C Dan**
  jdan@craneheyman.com gbalderas@craneheyman.com;dwelch@craneheyman.com
- **John S. Delnero**
  jdelnero@bellboyd.com
- **Michael K Desmond**
  mdesmond@fslegal.com
- **Bruce Dopke**
  bruce@dopkelaw.com
- **Dennis A Dressler**
  ddressler@askborst.com
- **Kenneth A Fedinets**
  kfedinets@gpgglaw.com
- **Jeffrey L. Gansberg**
  gansberg@wildmanharrold.com
- **Michael L. Gesas**
  mgesas@gpgglaw.com
- **Chad H. Gettleman**
  cgettleman@ag-ltd.com
- **Geoffrey S. Goodman**
  ggoodman@foley.com egreen@foley.com;khall@foley.com
- **David B. Goroff**
  dgoroff@foley.com
- **John S Graettinger**
  jsg@pentwater.com ecf@pentwater.com
- **Allen J Guon**
  aguon@shawgussis.com

- **Forrest L Ingram**
  foringpc@aol.com
- **Paula K. Jacobi**
  pjacobi@sff-law.com lbentivegna@sff-law.com
- **Steven R Jakubowski**
  sjakubowski@colemanlawfirm.com
- **Gregory J Jordan**
  gjordan@dykema.com
- **Gina B Krol**
  kingkrol@aol.com
- **Robert W Lannan**
  lannanr@gtlaw.com
- **Charles B. Leuin**
  cleuin@jenkens.com
- **Douglas J. Lipke**
  dlipke@vedderprice.com
- **Sajida A Mahdi**
  smahdi@mayerbrownrowe.com
- **Tony Mankus**
  tman@irstax.com
- **Kelly J McClintic**
  ksltd@flash.net
- **Timothy S. Mcfadden**
  tmcfadde@lordbissell.com docket@lordbissell.com
- **James E. Morgan**
  jmorgan@muchshelist.com
- **Jill L Murch**
  jmurch@foley.com ypena@foley.com
- **Robert D. Nachman**
  rnachman@scgk.com
- **Joel R Nathan**
  joel.nathan@usdoj.gov
  leslie.steffen@usdoj.gov,maryjo.ochs@usdoj.gov,ecf1.ausa@usdoj.gov
- **Norman B Newman**
  nnewman@muchshelist.com
- **Kenneth J Ottaviano**
  kenneth.ottaviano@kmzr.com
- **Gus A Paloian**
  gpaloian@seyfarth.com
- **Kathryn A Pamenter**
  kathryn.pamenter@goldbergkohn.com
- **Eric S. Prezant**
  eprezant@vedderprice.com
- **Dennis E. Quaid**
  dquaid@fagelhaber.com
- **Mark L Radtke**
  mradtke@shawgussis.com

{3991 APPL A0136415.DOC}                    2

- **N Neville Reid**
  nreid@mayerbrownrowe.com
- **Elizabeth E Richert**
  erichert@colemanlawfirm.com
- **Charles S Riecke**
  criecke@seyfarth.com
- **Peter J Roberts**
  proberts@shawgussis.com
- **Scott N. Schreiber**
  sschreiber@muchshelist.com
- **Adam P. Silverman**
  asilverman@ag-ltd.com
- **Bryan M Sims**
  bsims@jgtattorneys.com
- **Catherine L Steege**
  csteege@jenner.com docketing@jenner.com
- **Nathan L Strup**
  nstrup@foley.com
- **Reiko E. Suber**
  rsuber@mayerbrownrowe.com mcainlyle@mayerbrownrowe.com
- **Matthew A Swanson**
  mswanson@shawgussis.com
- **Steven B Towbin**
  stowbin@shawgussis.com
- **Katherine D Vega**
  kvega@ngelaw.com
- **Donna B Wallace**
  dbwallace@ameritech.net
- **Melville W Washburn**
  mwashburn@sidley.com efilingnotice@sidley.com
- **David A. Weininger**
  dweininger@msn.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**OUTBOARD MARINE CORPORATION**, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 00 B 37405<br>(Substantively Consolidated)<br><br>Hon. John H. Squires<br><br>Hearing Date: September 5, 2006<br>Hearing Time: 9:30 a.m. |

**THIRD AND FINAL FEE APPLICATION OF CONWAY MACKENZIE & DUNLEAVY
AS CONSULTANTS TO CHAPTER 7 TRUSTEE FOR FINAL ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES,
SHORTENED AND LIMITED NOTICE THEREOF, AND RELATED RELIEF**

Frank R. Mack and the consulting firm of Conway MacKenzie & Dunleavy (collectively, "CM&D") apply to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), (i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for (i) the allowance of $9414.50 in compensation for 33.1 hours of professional services rendered as consultants to Alex. D. Moglia, not personally, but as chapter 7 trustee (the "Trustee") of Outboard Marine Corporation and its related debtor entities (collectively, "OMC"), for the period beginning November 1, 2005 through and including April 30, 2006 (the "Application Period"), and the reimbursement of $31.44 for actual costs incurred incident to those services; (ii) reconsideration and allowance of fees previously disallowed by this Court on an interim basis in the amount of $9,953.50; and (iii) the allowance, as final, of all previously allowed interim compensation.  In addition, CM&D requests that further notice of the hearing on this application (the "Application") be waived.  In support of this Application, CM&D states as follows:

{3991 APPL A0136415.DOC}

**BACKGROUND**

1. On December 22, 2000 (the "Petition Date"), OMC commenced its chapter 11 case (the "Case"). OMC continued to administer its estate as a debtor in possession pursuant to the applicable provisions of the Bankruptcy Code and various orders of this Court until the Case was converted to a case under chapter 7 on August 20, 2001. The Trustee was duly appointed on August 24, 2001.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**RETENTION OF CM&D**

3. On April 5, 2005, this Court entered a certain stipulation of settlement and agreed order (the "Settlement Order") resolving certain claims, cross-claims, and third-party claims by and among various parties, including the Trustee and OMC's prepetition, secured lender, Bank of America, N.A. ("BofA"). The claims were part of an adversary proceeding pending before this Court to determine the valuation and allocation of OMC's assets and priority of claims against the related sale proceeds ("01A00471 Litigation").

4. As part of the Settlement Order, BofA assigned to the Trustee all rights, title, and interest it previously held as OMC's secured lender. As a result, the Trustee now stands in the shoes of BofA with respect to the 01A00471 Litigation and has formally been substituted as the party-plaintiff in the 01A00471 Litigation.

5. On May 3, 2005, this Court approved the retention of CM&D as consultants to the Trustee effective April 18, 2005 for the limited purposes of conducting a valuation of the liquidated assets and providing expert testimony at trial in connection with the 01A00471

Litigation under the terms set forth in the application and related engagement letter (the "Retention Order"). A copy of the Retention Order is attached hereto as Exhibit A.

### SERVICES RENDERED BY CM&D DURING APPLICATION PERIOD

6. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of CM&D's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, CM&D has classified its services into four categories with several subcategories of services in each category as follows:

| Description | Hours | Fees Incurred |
|---|---|---|
| *OMC 1: Valuation:* | | |
| Case Administration | 11.6 | $2,904.50 |
| *OMC 2: 506(c) Claims:* | | |
| Case Administration | 9.2 | $1,956.50 |
| *OMC 3: Volvo Penta* | | |
| Case Administration | 3.6 | $1,269.50 |
| Litigation Support | 2.0 | $790.00 |
| *OMC 4: Intrepid Molding* | | |
| Case Administration | 3.7 | $1,309.00 |
| Litigation Support | 3.0 | $1,185.00 |
| **TOTAL** | **33.1** | **$9,414.50** |

### PROFESSIONALS WHO PERFORMED SERVICES FOR THE TRUSTEE

7. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services:

| Professional | Rate | Hours | Amount |
|---|---|---|---|
| F. Mack | $395 | 21.1 | $8,334.50 |

{3991 APPL A0136415.DOC}       3

| Professional | Rate | Hours | Amount |
|---|---|---|---|
| K. Padley | $90 | 12.0 | $1,080.00 |

8. All of the services for which compensation is requested were services, which, in the billing judgment of CM&D, were necessarily rendered after due consideration of the expected costs and anticipated benefit of such services.  Attached hereto as Exhibit B is an invoice issued by CM&D for the Application Period, which provides: (a) detailed descriptions of all services rendered in each of the above categories and (b) the timekeeper, date, and amount of time expended in each category.

9. The hourly rates charged by CM&D for its consulting services compare favorably with the rates charged by other consultants in the Chicago metropolitan area having similar experience and expertise.  Further, the amount of time spent by CM&D is reasonable given the difficulty of the issues presented, the amounts at stake, the sophistication and experience of opposing counsel, and the ultimate benefit to the OMC estate.

10. The issues presented in connection with the 01A00471 Litigation were legally and factually complex.  In addition, the amount of the claims asserted by the defendants in the 01A00471 Litigation has been significant.  Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance, and the nature of the problem, issue, or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled consultants inside and outside of the bankruptcy context, the Trustee respectfully submits that the amounts requested by CM&D represents fair and reasonable amounts for the allowance of interim compensation in this case.

{3991 APPL A0136415.DOC}                                            4

## EXPENSES FOR ACTUAL COSTS

11. The actual and necessary costs expended by CM&D during the Application Period are detailed in the attached invoice. The requested reimbursement amount for expenses is $31.44. All of the expenses for which reimbursement is requested are expenses that CM&D customarily recoup from all of their clients.

12. The specific expenses incurred by CM&D during the Application Period for which reimbursement is sought are as follows:

| Category | Amount |
| --- | --- |
| Federal Express | $31.44 |
| **Total:** | **$31.44** |

13. All expenses incurred by CM&D were ordinary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as CM&D bill non-bankruptcy client, unless otherwise indicated. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

## RECONSIDERATION OF PREVIOUSLY DISALLOWED FEES

14. On June 21, 2005, the Trustee filed CM&D's first interim fee application (the "First Application") request the interim allowance of CM&D fees in the amount of $241,899.50 and expenses in the amount of $506.97. On July 5, 2005, this Court entered an order (the "First Interim Order") allowing the First Application but provisionally disallowing $11,691.50 of the requested fees (the "Disallowed Fees") on the basis that the fees were the result of unnecessary and duplicative work unnecessarily performed by more than one CM&D professional.

15. CM&D has conscientiously attempted to avoid having multiple CM&D experts and financial advisors working on related issues at the same time. In certain circumstances,

{3991 APPL A0136415.DOC}   5

however, it was necessary for more than one CM&D expert or financial advisor to attend meetings and participate in teleconferences.

16. The Disallowed Fees were incurred at a time when CM&D was focused on two distinct professional services for the Trustee and his counsel. First, CM&D was to determine the fair market value ("FMV") of certain collateral alleged to have been sold by OMC as part of the sale of substantially of its assets (the "OMC 1 Matter"). In the OMC 1 Matter, CM&D was charged with valuing the alleged collateral of Makino. Second, CM&D was engaged to determine the allocable surcharge under 11 U.S.C. § 506(c) to each of the assets sold by OMC (the "OMC 2 Matter"). Makino's alleged collateral was also at issue in the OMC 2 Matter. As a result, the methodology utilized by CM&D to quantify the 506(C) surcharge was dependent on the FMV determined for the collateral in connection with the OMC 1 Matter.

17. In certain circumstances, Patrick Dunleavy (the CM&D expert responsible for determining FMV of the collateral), Frank Mack (the CM&D expert responsible for determining the 506(C) surcharge), and David Jones (the CM&D financial advisor responsible for coordinating the two professional expert reports) were required to confer with one another at certain meetings and teleconferences to evaluate the interplay between the analyses. These strategy sessions were necessary to reach the best result for the OMC estate. In all other instances, meetings, teleconferences, court appearances and other matters were handled by CM&D on an individual basis.

18. In order to better clarify their purpose, CM&D's has reviewed and revised the time entries associated with the Disallowed Fees. As a result, CM&D has identified fees totaling $9,953.50 which were necessarily incurred in connection with the OMC 1 and OMC 2 Matters as described above. A copy of the revised time entries for the Court's reconsideration is attached as Exhibit C.

{3991 APPL A0136415.DOC}                                    6

19. Under the circumstances CM&D would request that that Court reconsider its prior disallowance of the Disallowed Fees and allow them, in part, in the amount of $9,953.50, as part of this final Application.

**PAYMENTS RECEIVED BY CM&D TO DATE**

20. CM&D did not file monthly statements for during the Application Period in light of the limited amount of fees and expenses incurred and the costs associated with the filing of such statements.

21. Pursuant to the Retention Order, CM&D received a $50,000 retainer (the "Retainer") in connection with this engagement. The Trustee has subsequently paid all CM&D fees and expenses previously allowed by this Court in the total amount of $397,925.65, including the Retainer and a payment of $20,857.92 made during the Application Period.

22. CM&D has not received any other compensation or expense reimbursement to date in connection with the services rendered during the Application Period.

**COMPLIANCE WITH 11 U.S.C. § 504**

23. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between CM&D and any other firm, person or entity for the sharing of division of any compensation paid or payable to CM&D.

**NOTICE**

24. Notice of this Application has been provided to the Trustee, the U.S. Trustee, and parties listed on the attached service lists. Based on the extent of notice already provided, the interim nature of the relief requested and the costs and burdens of transmitting notice to all of OMC's creditors, CM&D respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, CM&D requests the entry of an order, substantially in the form attached hereto, that:

(a) Allows CM&D $9,414.50 in compensation for the Application Period;

(b) Allows CM&D $31.44 in expense reimbursement for the Application Period;

(c) Allows the Disallowed Fees in the amount of $9,953.50;

(d) Authorizes and directs the Trustee to pay CM&D $24,635.39, less any payments not reflected herein;

(e) Waives other and further notice of the hearing with respect to this Application;

(f) Allows, as final, all CM&D fees and expenses previously allowed on an interim basis; and

(g) Provides CM&D with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Conway MacKenzie & Dunleavy

Dated: August 4, 2006               By:   /s/ Patrick A. Clisham
                                          One of the attorneys for Alex D.
                                          Moglia, not individually, but as chapter
                                          7 trustee to Outboard Marine
                                          Corporation and its related debtor
                                          entities

Patrick A. Clisham (#6277043)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 980-3836
Fax: (312) 275-0584
e-mail: pclisham@shawgussis.com

{3991 APPL A0136415.DOC}               8